UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSICA PAYNE,<br><br>                Plaintiff,<br>  v.<br><br>UNIVERSITY OF WASHINGTON,<br><br>                Defendant. | CASE NO. 2:23-cv-01804-TL<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND AND DENIAL OF MOTION TO APPOINT COUNSEL AS MOOT |

This case arises from Plaintiff Jessica Payne's claims of employment discrimination and retaliation against her former employer Defendant University of Washington, School of Nursing. This matter is before the Court on its own motion and on Plaintiff's Motion to Appoint Counsel (Dkt. No. 5). Having reviewed Plaintiff's Complaint, the Court finds that Plaintiff fails to state a claim upon which relief may be granted and therefore DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint with leave to file an amended complaint. Consequently, the Court also DENIES as MOOT Plaintiff's Motion to Appoint Counsel, but Plaintiff may renew her motion if she is able to file an amended complaint that cures the deficiencies noted in this Order.

On November 21, 2023, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") in this action. Dkt. No. 1. Plaintiff's application for IFP status was granted, but U.S. Magistrate Judge Michelle L. Peterson specifically noted "that leave to proceed as a pauper does not necessarily entitle Plaintiff to a waiver of any other cost(s) of litigation." Dkt. No. 3. Plaintiff's Complaint was filed on the docket (Dkt. No. 4), and the completed Application for Court-Appointed Counsel in Title VII Action form that she included with her case-initiating documents was also separately filed as a Motion to Appoint Counsel (Dkt. No. 5).

The Court's authority to grant IFP status derives from 28 U.S.C. § 1915. Per the statute, the Court must dismiss a case if the IFP Plaintiff fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). "The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) requires courts to assume the truth of factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). Plaintiff must provide sufficient factual details in the complaint to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Where a plaintiff proceeds *pro se* (without and attorney), courts must construe the complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). However, a court "should not supply essential elements of the [*pro se*] claim that were not initially pled." *E.g., Henderson v. Anderson*, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (internal citation and quotation omitted); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019)

("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))).

Here, Plaintiff's Complaint lacks sufficient factual detail to plausibly state a claim. Plaintiff specifically asserts federal question jurisdiction under Title VII of the Civil Rights Act of 1964 ("Title VII"), as codified at 42 U.S.C. §§ 2000e–2000e-17, and the Americans with Disabilities Act of 1990 ("ADA"), as codified at 42 U.S.C. §§ 12112–12117. Dkt. No. 4. Title VII prohibits discrimination in employment on the basis of race, color, and gender/sex (among other protected categories not asserted by Plaintiff). The ADA prohibits discrimination by and places accommodation obligations upon employers when employees have or are perceived to have a qualifying disability. Plaintiff notes that she began working for Defendant in September 2020 and her "contract was not renewed" in September 2022. Dkt. No. 4 at 5. She claims, without providing any supporting details, that she experienced discrimination and harassment for essentially the entire time of her employment. *Id.* at 4–5. Again, without providing any factual details to support her claims, she asserts that she was subject to unequal terms and conditions of employment and held to different standards, and that two named supervisors "complained about [her] progress even though [she] had completed all tasks required by [her] contract." *Id.* These conclusory statements are insufficient to state a claim under either statute without additional factual details.

To state a plausible claim for relief in federal court, a Plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Id.* Here, all Plaintiff offers are conclusory statements to support threadbare, and substantively incomplete, recitals of some elements of her claims. The Court, therefore, FINDS that Plaintiff

fails to state a plausible claim for relief under Title VII or the ADA. For this reason, the Court must dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Courts typically allow *pro se* plaintiffs to amend their complaints in lieu of dismissal. *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017). The Court will therefore GRANT Plaintiff leave to file an amended complaint in this case that sufficiently "pleads factual content," *Iqbal*, 556 U.S. at 672, to state a plausible claim for relief by **no later than Friday, January 12, 2024**. If Plaintiff fails to file an amended complaint by the deadline or if the amended complaint fails to state a plausible claim for relief, the Court will dismiss this case in its entirety.

Accordingly, the Court further finds that Plaintiff's Motion to Appoint Counsel (Dkt. No. 5) is MOOT, as the case is being dismissed, and further ORDERS the motion be STRICKEN. Plaintiff may file a new motion for appointment of counsel once she files her amended complaint.

Dated this 13th day of December 2023.

Tana Lin
United States District Judge