UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSICA PAYNE,<br><br>    Plaintiff,<br>  v.<br><br>UNIVERSITY OF WASHINGTON,<br><br>    Defendants. | CASE NO. 2:23-cv-01804-TL<br><br>ORDER ON APPLICATION FOR COURT-APPOINTED COUNSEL |

This case arises from Plaintiff Jessica Payne's claims of employment discrimination against Defendant University of Washington under, among other statutes, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* The matter is before the Court on Ms. Payne's Application for Court-Appointed Counsel in Title VII Action. Dkt. No. 11.

## I. BACKGROUND

Ms. Payne was accepted into a postdoctoral fellowship program offered by Defendant University of Washington's School of Nursing. Dkt. No. 10 § 1. Ms. Payne held a fellowship position in the program between September 2020 and August 2022. *Id.* Her fellowship ended

when Defendant chose not to renew her fellowship contract. *Id.* Ms. Payne alleges that during her time in the fellowship she was routinely harassed, bullied, and subjected to a hostile work environment by two named supervisors in relation to her age, race, color, gender, and disability status. *Id. passim.* She further asserts that the decision, made by the same two supervisors, to terminate her fellowship was motivated by discriminatory animus and in retaliation for raising her concerns about her treatment to the Union. *Id.*

## II.   DISCUSSION

"Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant" in a Title VII case. 42 U.S.C. § 2000e-5(f)(1). "Three factors are relevant to the trial court's determination of whether to appoint counsel [in a Title VII case]: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). The Ninth Circuit has noted that Congress's intent in enacting 42 U.S.C. § 2000e-5 is to even the playing field for parties in Title VII cases, which often involve a complainant of a disadvantaged class and an employer with better resources and representation. *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1317 (9th Cir. 1981).

Regarding the first factor, Plaintiff is proceeding *in forma pauperis* in this matter and represents that her necessary expenditures generally exceed her income. Dkt. No. 3; *see also* Dkt. No. 1 at 1–2. As to the second factor, Plaintiff notes that she has "contacted 8 attorneys/agencies, some of whom guided" her in filing her administrative charges, including pro bono attorneys, but none of whom would commit to representing her in this lawsuit. Dkt. No. 11 at 2.

Finally, regarding the third factor, the Court lacks sufficient information to fully weigh the merits of Plaintiff's case. *Johnson*, 939 F.2d at 824. In evaluating this factor, courts generally

look to the EEOC's investigation and determination, if any, in the case. *See, e.g.*, *Bradshaw*, 662 F.2d at 1319–20 (finding third factor satisfied because EEOC found reasonable cause to believe plaintiff was victim of discrimination). Plaintiff has asserted factual allegations that plausibly state discrimination claims.

In a prior order, the Court identified specific deficiencies in Plaintiff's original Complaint but granted her leave to amend the Complaint to avoid final dismissal. Dkt. No. 6 at 3–4. On February 24, 2024, Plaintiff timely[1] filed an Amended Complaint that plausibly states claims for relief under Title VII of the 1964 Civil Rights Act, the Age Discrimination in Employment Act, and the Americans with Disabilities Act. Dkt. No. 10. On the other hand, the EEOC appears to have closed Plaintiff's charge on procedural grounds without a determination on the merits. *See* Dkt. No. 10 at 42. While the EEOC's determination raises concerns regarding the timing of Plaintiff's claims, it does not provide sufficient information from which the Court can weigh the merits of Plaintiff's claims.

This District has implemented a plan for court-appointed representation of civil rights litigants. The plan currently in effect permits the Court to forward the case to the Non-prisoner Civil Rights Case Screening Committee for further review regarding the appropriateness of appointing *pro bono* counsel. *See* General Order 07-23 § 2(c)–(f) (W.D. Wash. Sept. 8, 2023).

Accordingly, the Court ORDERS as follows:

(1) The Clerk of the Court is DIRECTED to forward the Amended Complaint (Dkt. No. 10) and the Application for Court-Appointed Counsel (Dkt. No. 11) to the Screening Committee.

---

[1] The Court originally set a deadline of Friday, January 12, 2024, for Plaintiff to amend. Dkt. No. 6 at 4. On January 10, Plaintiff requested additional time to prepare the amended complaint. Dkt. No. 8. The Court granted Plaintiff's request for additional time and set a new deadline of February 24, 2024. Dkt. No. 9.

ORDER ON APPLICATION FOR COURT-APPOINTED COUNSEL - 3

(2) The Screening Committee is DIRECTED to review the case and make a recommendation to the Court as to whether the appointment of *pro bono* counsel is warranted in this case, in accordance with General Order 07-23, on or before **April 15, 2024**.

Plaintiff is reminded that a referral to the Screening Committee does not guarantee that *pro bono* counsel will be appointed.

Dated this 14th day of March 2024.

Tana Lin
United States District Judge

ORDER ON APPLICATION FOR COURT-APPOINTED COUNSEL - 4