UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSICA PAYNE,<br><br>  Plaintiff,<br>  v.<br><br>UNIVERSITY OF WASHINGTON,<br><br>  Defendant. | CASE NO. 2:23-cv-01804-TL<br><br>ORDER DIRECTING CLERK OF COURT TO IDENTIFY PRO BONO COUNSEL |

This action arises out of Plaintiff Jessica Payne's claims of employment discrimination under Title VII, the Age Discrimination in Employment Act ("AEDA"), and the Americans with Disabilities Act ("ADA"). Dkt. No. 10 at 3–4. This matter is before the Court on Plaintiff's application for court-appointed counsel (the "Motion for Counsel"). Dkt No. 11.

Plaintiff proceeds *pro se* and *in forma pauperis* and seeks a court-appointed attorney, which the Court has discretion to request on her behalf. *See* 42 U.S.C. § 2000e-5(f)(1) (providing for the appointment of counsel); 42 U.S.C. § 12117(a) (providing that 42 U.S.C. § 2000e-5 applies to ADA claims against employers); *see also* Dkt. No. 14 at 2–3 (explaining the law).

ORDER DIRECTING CLERK OF COURT TO IDENTIFY PRO BONO COUNSEL - 1

1    The Court previously referred the Motion for Counsel to the Screening Committee of the
2    Western District Pro Bono Panel, pursuant to General Order 16-20 of this District, for the
3    Committee's determination and recommendation of whether *pro bono* counsel should be
4    appointed for Plaintiff. Dkt. No. 14 at 3–4. In a separate order, the Court suspended the time
5    limit for service of process, pending the resolution of the Motion for Counsel. Dkt. No. 15.
6    On April 5, 2024, the Screening Committee informed the Court that it recommends the
7    appointment of counsel in this matter.
8    The Court has the authority and discretion to appoint pro bono counsel for Plaintiff. 42
9    U.S.C. § 2000e-5(f)(1) ("Upon application by the [Title VII] complainant and in such
10   circumstances as the court may deem just, the court may appoint an attorney for such
11   complainant . . . ."); *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991) ("It is
12   undisputed that the district court had the authority to appoint counsel [under § 2000e-5(f)(1)]. . . .
13   [T]he determination is left to the sound discretion of the district court."). In evaluating
14   appointment of counsel in a case alleging violations of Title VII, courts consider "(1) the
15   plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her
16   own; and (3) the merit of the plaintiff's claim." *Johnson*, 939 F.2d at 824. The Court previously
17   discussed these factors in relation to Plaintiff's request for counsel in the Order on Application
18   for Court-Appointed Counsel. Dkt. No. 14 at 2–3.
19   Accordingly, the Court DIRECTS the Clerk to identify counsel from the Pro Bono Panel
20   who is willing to represent Plaintiff in this action by **May 16, 2024**. If the Clerk timely identifies
21   *pro bono* counsel, the Court will issue an order of appointment; if not, the Court will be unable to
22   appoint counsel for Plaintiff. The Court further DIRECTS the Clerk to renote Plaintiff's Motion for
23   Counsel (Dkt. No. 11) for **May 16, 2024**.
24

Once Plaintiff's Motion for Counsel is resolved, the Court will reset the deadline for service of process and will address any other issues that may be pending at that time.

Dated this 16th day of April 2024.

Tana Lin
United States District Judge